FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 06, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| USAA GENERAL INDEMNITY COMPANY a/s/o AMY GUITERREZ,<br><br>Plaintiff,<br><br>v.<br><br>A&S PACKERS AND MOVERS LLC d/b/a COZY MOZY PACKING AND MOVING,<br><br>Defendants. | No. 4:25-CV-5113-TOR<br><br>ORDER DENYING MOTION FOR DEFAULT JUDGMENT |

BEFORE THE COURT is Plaintiff's Motion for Default Judgment.  ECF No. 9.  This matter was submitted for consideration without oral argument.  The Court has reviewed the record and files herein and is fully informed.

## BACKGROUND

On November 1, 2023, Plaintiff's insured, Amy Guiterrez, entered into an agreement with Defendant to have Ms. Guiterrez's property shipped from Amarillo, Texas, to Lynwood, Washington.  ECF No. 1 at ¶ 4.  While on route,

ORDER DENYING MOTION FOR DEFAULT JUDGMENT ~ 1

Defendant's vehicle carrying Ms. Guiterrez's property drove off the road and scattered her property all over a field.  *Id.* at ¶ 6.  All of Ms. Guiterrez's property was damaged as a result.  *Id.* at ¶ 7.  Plaintiff paid for the damages and brings this action alleging it is contractually and equitably entitled to recover those damages from Defendant.  *Id.* at ¶ 8.

### DISCUSSION

The Clerk of Court entered an Order of Default on April 27, 2026.  ECF No. 8.  Defendants have not responded to this lawsuit.  Plaintiff moves for default judgment against the Defendant because they were served with the summons and complaint and have failed to appear or defend.  ECF No. 9.  Under Federal Rule of Civil Procedure 55, obtaining a default judgment is a two-step process: (1) entry of default and (2) entry of default judgment.  A party must first file a motion for entry of default, obtain a Clerk's Order of Default, and then file a separate motion for default judgment.  *See* Local Rule 55.1.  The Clerk's Order of Default was entered April 27, 2026.  ECF No. 8.

Then, to obtain a default judgment, the moving party must set forth by declaration or affidavit (A) whether the party against whom judgment is sought is an infant or an incompetent person and, if so, whether that person is represented by a general guardian, conservator, or other like fiduciary; and (B) attest that the Servicemembers Civil Relief Act, 50 U.S.C. App. §§ 501-597b, does not apply.

ORDER DENYING MOTION FOR DEFAULT JUDGMENT ~ 2

LR 55.1(b)(1).  Here, Plaintiff has not set forth by *declaration or affidavit* that Defendant is not a minor or an incompetent person and the Servicemembers Civil Relief Act, 50 U.S.C. App. §§ 501-597b, does not apply.  Therefore, Plaintiff will submit an affidavit or declaration in compliance with Local Rule 55.1(b)(1).

Moreover, "Rule 55 gives the court considerable leeway as to what it may require as a prerequisite to the entry of a default judgment."  *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917 (9th Cir. 1987) (citing Fed. R. Civ. P. 55(b)(2)).  "The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true."  *Id.* at 917-18 (citation omitted).  The decision whether to enter default judgment is within the Court's discretion.  *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986).

Here, Plaintiff has not submitted any evidence in support of the amounts due.  Plaintiff's provided Declaration of Sum Certain (ECF No. 6-1) references two exhibits, the claim file and a copy of the collision report, but neither have been provided to the Court.  Therefore, Plaintiff will submit those exhibits for review and any other evidence supporting the claimed amount of damages.

//

//

//

ORDER DENYING MOTION FOR DEFAULT JUDGMENT ~ 3

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1.  Plaintiff's Motion for Default Judgment, ECF No. 9, is **DENIED with leave to renew**.

The District Court Executive is directed to enter this Order and furnish copies to counsel.

**DATED** July 6, 2026.



THOMAS O. RICE
United States District Judge

ORDER DENYING MOTION FOR DEFAULT JUDGMENT ~ 4